O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MD JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5132 AHM (PJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | AJULUCHUKU-LEVY v. EMPLOYMENT DEVELOPMENT DEPARTMENT *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

In its September 22, 2009 Order, the Court granted a motion to dismiss Plaintiff's original complaint and ordered Plaintiff to file any amended complaint by October 9, 2009. The Court further ordered that any such amended complaint must be accompanied by the filing of security in the amount of $5,000 in good funds as to each defendant Plaintiff named in such amended complaint. Plaintiff filed her Amended Complaint against Defendants Employment Development Department and Work Source Center on October 7, 2009, but she did not accompany the filing of this Amended Complaint with the ordered security. The Court ordered Plaintiff to show cause why her Amended Complaint should not be dismissed for failure to comply with the Court's order. She filed her Answer to Show Cause on October 19, 2009, but has still failed to post the required security.

In addition, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are . . . obviously frivolous." *Hagins v. Lavine*, 415 U.S. 528, 537-37 (1974) (internal quotations omitted). A complaint is frivolous if it lacks any arguable basis in either fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Clearly baseless factual allegations include those that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In this case, *sua sponte* dismissal is appropriate because the complaint is wholly frivolous and includes numerous fantastic and bizarre allegations.

A *pro se* litigant must be given an opportunity to amend the complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5132 AHM (PJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | AJULUCHUKU-LEVY v. EMPLOYMENT DEVELOPMENT DEPARTMENT *et al.* | | |

1988) (internal quotations omitted). Dismissal of this action is appropriate because it is clear that the deficiencies of Plaintiff's complaint cannot be cured by amendment, since Plaintiff has been wholly unable to frame an intelligible pleading, even after being granted leave to amend.

The Court further notes that Plaintiff has filed at least 29 cases in this Court and that pursuant to the Order of the Honorable Dale S. Fischer of the Central District of California, dated September 8, 2009, Plaintiff has been declared a vexatious litigant and may not file any further litigation alleging claims of discrimination in this Court without prior approval of the Court or the Chief Judge. Case No. CV 09-5125, Docket No. 11.

Because of her failure to post the required bond, the obviously frivolous nature of her claims, and her deluge of litigation in this District, the Court *sua sponte* dismisses Plaintiff's Amended Complaint with prejudice.

                                                                                                :

Initials of Preparer     se